[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10082
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20885-RNS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES MATHURIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 27, 2018)

Before TJOFLAT, ROSENBAUM, and NEWSOM, Circuit Judges.

PER CURIAM:

James Mathurin, proceeding *pro se*, appeals the denial, without an evidentiary hearing, of his motion for a new trial based on newly discovered evidence following his convictions for robbery, carjacking, and weapons offenses. After careful review, we affirm the denial of his new-trial motion and the denial of an evidentiary hearing.

## I.

After a jury trial in 2010, Mathurin was convicted of a number of armed robbery, carjacking, and weapons crimes, and the district court sentenced him to 492 months of imprisonment. Mathurin appealed, successfully arguing that the government did not indict him within the time required by the Speedy Trial Act. We vacated his convictions and remanded the case to the district court with instructions to determine whether dismissal of the indictment should be with or without prejudice. *United States v. Mathurin*, 690 F.3d 1236, 1238, 1243–44 (11th Cir. 2012). The court concluded that the indictment should be dismissed without prejudice, and the government reindicted Mathurin on the offenses of which he had been convicted in the first trial.

In the lead up to the second trial, the government notified Mathurin of the witnesses it intended to call, including Vernon Henry and Andron Bodden, two coconspirators who had testified for the government at the first trial. Mathurin had

2

also been provided with Henry's and Bodden's plea agreements, which included cooperation provisions.

The second trial took place in February 2014. Henry and Bodden both testified that Mathurin had participated in several armed robberies. Both cooperating witnesses were also questioned about their motivations for testifying. Henry stated that he hoped to receive a sentence reduction in exchange for his testimony. Bodden said that he had already received a sentence reduction for cooperating against Mathurin and did not expect another reduction for his testimony at the second trial.

The jury found Mathurin guilty of 30 of the 31 counts charged in the indictment, and he was sentenced to a total term of 685 months of imprisonment. Mathurin appealed, raising numerous challenges to his convictions and sentence, and we affirmed. *See United States v. Mathurin*, 868 F.3d 921 (11th Cir. 2017).

Meanwhile, in June 2014, a few months after the second trial, the government filed motions to reduce the sentences of Henry and Bodden under Rule 35(b), Fed. R. Crim. P. Court records show that Henry's Rule 35 motion was based on his assistance to the prosecution in both of Mathurin's trials, and that he had not yet received a reduction for his cooperation. As for Bodden, court records

suggest his Rule 35 motion arguably had two grounds: (a) his testimony at Mathurin's second trial; and (b) his cooperation in unrelated state cases.[1]

In November 2017, Mathurin filed the instant *pro se* motion for a new trial under Rule 33 of the Federal Rules of Criminal Procedure. Mathurin claimed that newly discovered evidence showed that the government violated *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). He asserted that the government failed to disclose that Henry and Bodden would receive additional sentence reductions for their testimony, allowed Henry to suggest falsely that the judge, not the government, would determine whether he received a reduction, and allowed Bodden to testify falsely that he did not expect another reduction.

Mathurin advised that he first learned about Henry's reduction from another inmate in or around July 2017. This prompted him to ask an "undisclosed source" to check court records to confirm whether Henry and Bodden had both received sentence reductions. He received records to that effect in or around August 2017. Mathurin admitted that his new-trial motion was untimely, but he argued that the

---

[1] The record is not entirely clear on the basis for the motion. In its response to Mathurin's motion for new trial, the government produced an internal memorandum from a prosecutor seeking authority to file a Rule 35 motion for Bodden based on his cooperation with a state prosecutor. However, a motion for continuance filed by the government before the Rule 35 hearing expressly stated that the Rule 35 motion was "based on substantial assistance provided to the United States in the prosecution of *United States v. Mathurin*, 12-CR-20885-SCOLA," which was the second case against Mathurin. *See United States v. Bodden*, No. 10-cr-20791, doc. 34 (S.D. Fla.). It appears that both grounds were referenced by the government at Bodden's Rule 35 hearing, though the focus was his state cooperation. *See id.*, doc. 39.

4

court should equitably toll the limitations period.  He said he was prevented from filing on time because the government had failed to notify him of the Rule 35 motions.

The district court denied the motion for a new trial on two main grounds. First, the court denied the motion as untimely, since it was filed more than eight months after the three-year deadline for a motion based on newly discovered evidence.  The court did not directly address the issue of equitable tolling.  Second, the court alternatively denied the motion on the merits.  No *Brady* or *Giglio* violation occurred, the court found, because the government had provided Mathurin with all required materials relating to Henry and Bodden, and neither witness and no prosecutor made any misrepresentations concerning any promises that had been made.  Additionally, the court found that, even assuming there was a violation of *Brady* or *Giglio*, Mathurin was not entitled to a new trial because, in the court's assessment, "the additional impeachment evidence of Henry and Bodden would not have made a whit of difference to the jury."

## II.

We review for an abuse of discretion the district court's denial of a motion for a new trial.  *See United States v. Perez-Oliveros*, 479 F.3d 779, 782 (11th Cir. 2007); *United States v. Vallejo*, 297 F.3d 1154, 1163 (11th Cir. 2002).  We likewise review the denial of an evidentiary hearing for an abuse of discretion.

5

*United States v. Massey*, 89 F.3d 1433, 1443 (11th Cir. 1996).  In reviewing for an abuse of discretion, we will affirm unless the district court made a clear error of judgment or applied the wrong legal standard.  *United States v. Lyons*, 403 F.3d 1248, 1255 (11th Cir. 2005).  "We review the district court's determination that equitable tolling is inapplicable *de novo*."  *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

Rule 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."  Fed. R. Crim. P. 33(a).  A defendant has three years after the verdict or finding of guilt to file a Rule 33 motion if it is based "on newly discovered evidence," Fed. R. Crim. P. 33(b)(1), or 14 days after the verdict if the motion is based on any other ground, Fed. R. Crim. P. 33(b)(2).

We conclude that the district court did not abuse its discretion in denying Mathurin's motion for a new trial.

First, we need not address Mathurin's argument that the district court should have found his time to file his motion for new trial was equitably tolled.  Even if equitable tolling applied, Mathurin still could not prevail on his appeal.

On the merits of his Rule 33 motion, Mathurin maintains that he is entitled to a new trial because newly discovered evidence established that the government violated *Brady* and *Giglio*.  In his view, the government failed to disclose that

6

cooperating witnesses Henry and Bodden would receive additional sentence reductions for their testimony at the second trial, and it then allowed them to present false testimony regarding their expectations for sentence reductions.

Motions for a new trial based on newly discovered evidence are "highly disfavored" and should be granted only with great caution. *United States v. Campa*, 459 F.3d 1121, 1151 (11th Cir. 2006) (*en banc*).  In general, a new trial is warranted based on newly discovered evidence only if the evidence (1) was discovered after trial; (2) could not have been discovered with due diligence; (3) is not merely cumulative or impeaching; (4) is material to issues before the court; and (5) is of such a nature that a new trial would probably produce a different result. *United States v. Barsoum*, 763 F.3d 1321, 1341 (11th Cir. 2014).

To obtain a new trial based on a *Brady* violation, the defendant must show that (1) the government possessed evidence favorable to the defendant; (2) the defendant did not possess that evidence and could not have possessed the evidence with due diligence; (3) the government suppressed the evidence; and (4) there was a reasonable probability of a different outcome if the evidence had been disclosed to the defendant. *Vallejo*, 297 F.3d at 1164.

And to prevail on a *Giglio* claim, "the defendant must demonstrate that the prosecutor knowingly used perjured testimony, or failed to correct what he subsequently learned was false testimony, and that the falsehood was material."

7

*Id.* at 1163–64 (quotation marks omitted).  The materiality element for a *Giglio* claim is met if there is "a reasonable likelihood the false testimony could have affected the judgment of the jury."  *United States v. McNair*, 605 F.3d 1152, 1208 (11th Cir. 2010).

Here, the district court did not abuse its discretion by denying Mathurin's motion for a new trial.  Regarding Henry, Mathurin has not shown that any evidence was suppressed or that Henry offered false testimony.  Mathurin knew before the second trial that Henry had pled guilty and agreed to cooperate in the hope of obtaining a sentence reduction.  And the jury was clearly and accurately informed about Henry's motivations because he expressly testified that he expected to receive a sentence reduction for his testimony at the second trial.  Given this testimony, the fact that the reduction ultimately covered Henry's testimony at both trials makes little difference.  Plus, Henry's statement that the judge would ultimately determine whether to reduce his sentence was accurate and not misleading.  Accordingly, Mathurin has failed to establish that the government violated *Brady* or *Giglio* regarding Henry.

Regarding Bodden, things are not quite as straightforward, but the district court still did not abuse its discretion in denying a new trial.  Unlike Henry, Bodden testified at the second trial that he did not expect to receive a sentence reduction for his testimony, since he had already received a reduction for his

cooperation against Mathurin. So the jury may have found Bodden more credible because he testified with no specific expectation of reward. After the second trial, however, the government filed a Rule 35 motion requesting a reduction in Bodden's sentence. And it appears that his testimony at the second trial may have factored into the reduction, even if, as the district court found, the Rule 35 motion was initially "based upon a request from" a state prosecutor.

Nevertheless, nothing in the record suggests that Bodden testified falsely about his expectations for a sentence reduction. In fact, the government produced an internal memorandum regarding Bodden's Rule 35 motion in which a prosecuting attorney wrote that "Bodden agreed to testify against Mathurin again even though he was told he would not receive any more reduction for his testimony." That statement is consistent with Bodden's trial testimony that he had already received a sentence reduction for cooperating against Mathurin and that he did not expect another reduction. Therefore, the record supports the district court's conclusion that the government did not violate *Brady* or *Giglio* because there was no pre-second-trial promise of leniency for the government to disclose and Bodden, as he told the jury, agreed to testify without expectation of reward.

Mathurin maintains that the credibility of the prosecutor's memorandum is in doubt. He contrasts the memorandum, which said that the Rule 35 motion was based on Bodden's assistance to a state prosecutor, with a motion for continuance

9

in which a different prosecuting attorney wrote that Bodden's Rule 35 motion was "based on substantial assistance provided to the United States in the prosecution of *United States v. Mathurin*, 12-CR-20885-SCOLA [the second trial]."  Mathurin says that an evidentiary hearing is required to resolve the conflict about the basis for Bodden's Rule 35 reduction.  We disagree.

For starters, the transcript from the Rule 35 hearing makes clear that the central basis for the sentence reduction was his assistance in three state cases.[2]  So even assuming Bodden's trial testimony factored into the Rule 35 reduction, there is not enough of a factual conflict to warrant further development at a hearing.

More importantly, Mathurin has made no showing that Bodden or the government misled the jury about his expectations for a sentence reduction.  There is no conflict between, on the one hand, the government's statement to Bodden that he would not be rewarded for his testimony at the second trial and, on the other

---

[2] According to the transcript of Bodden's Rule 35 hearing, the prosecutor explained the basis for the Rule 35 motion as follows:

> The defendant was sent to federal prison, and as I mentioned in the prior hearing, the case that he testified on came back on appeal and he was asked to go ahead and testify again, which he did, consistently, truthfully.  In the interim, he also assisted the State Attorney's Office on three separate cases, and this reduction contemplates—one of those is completed.  I believe two more are still ongoing, and this reduction contemplates his continued cooperation with the state on the cases that are still pending.  It's our belief that he should receive a 25 percent reduction for all of this additional cooperation.

*United States v. Bodden*, No. 10-cr-20791, doc. 39 at 3 (S.D. Fla.); *see United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice of its own records and the records of inferior courts.").

10

hand, the government's subsequent choice to reward Bodden for that testimony. Mathurin offers no other allegation or evidence to support his claim that Bodden committed perjury when he testified that he did not expect an additional reward. And no evidentiary hearing was required to explore Mathurin's mere speculation that Bodden committed perjury. *See United States v. Arias-Izquierdo*, 449 F.3d 1168, 1189 (11th Cir. 2006) (holding that no evidentiary hearing was required based on "mere speculation" that a witness committed perjury); *United States v. Champion*, 813 F.2d 1154, 1171 n.25 (11th Cir. 1987) ("Absent some evidence suggesting wrongdoing, the trial court was not obligated to grant a hearing to enable appellant to conduct a fishing expedition . . . .").

Finally, the district court also concluded that, even if *Brady* or *Giglio* violations occurred, "the additional impeachment evidence of Henry and Bodden would not have made a whit of difference to the jury." As the court noted, there was strong evidence of guilt, including Mathurin's detailed confession and his positive identification by numerous victims of his robberies, and Mathurin's counsel cross-examined Henry and Bodden concerning their plea agreements and hopes for reduced sentences. We owe deference to the court's assessment, in light of the acumen gained by the court over the course of the proceedings. *See United States v. Schlei*, 122 F.3d 944 (11th Cir. 1997). And Mathurin has not provided any persuasive reason why we should doubt that assessment. We therefore cannot

11

say that the district court made a clear error of judgment in concluding that the new evidence was not material.[3] *See Lyons*, 403 F.3d at 1255.

## III.

For these reasons, we affirm the denial of Mathurin's motion for a new trial.

**AFFIRMED.**

---

[3] We disagree with Mathurin's claim that the district court applied an improper materiality standard for his *Giglio* claim. The district court properly focused on the effect of the new evidence on the jury. *See McNair*, 605 F.3d at 1208.